UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ARAWANA SKEENS,

      Movant,

v.                       CASE NO. 2:03-cr-00011-1
                       (Case No. 2:04-cv-00705)

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on July 28, 2004 (docket sheet document # 36).

Movant, Arawana Skeens (hereinafter referred to as "Defendant"), is serving a 57 month period of imprisonment, to be followed by a three year term of supervised release, upon her guilty plea to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The presiding district judge, the Hon. Joseph R. Goodwin, imposed a special assessment of $100.00, and waived a fine. (Judgment in a Criminal Case, entered June 19, 2003, # 27.) Defendant did not take a direct appeal.

Defendant raises the following grounds for relief in her Motion:

> A. Ground one: Conviction obtained by plea of guilty which was made with the understanding that the prosecution would file a motion with the court for a

redu[c]tion.  This has not happened.

B.  Ground two: Petitioner's Sixth Amendment right to have a jury decide certain facts which lengthened her prison time as stated under <u>Blakely v. Washington</u> was denied.

(Motion, at 5.)  Her Motion is supported by her affidavit (# 37) which states that "during my sentencing hearing, the Assistant United States Attorney, John J. Frail, informed the Court that the United States would file a motion for Sentence Reduction, within one year, due to my cooperation and assistance to the United States Government."  (# 37, ¶ 3.)

Because Defendant asserted that the government had breached an agreement to file a motion for reduction of sentence based on her substantial assistance, the undersigned directed the United States to file a response addressing that issue.  (Order entered March 16, 2005, # 41.)  Defendant filed a Reply to the government's Response (# 44).

<u>Timeliness</u>

The undersigned notes that Defendant's Motion is arguably not timely filed, although the United States did not raise that defense in its Response.  Defendant's Judgment in a Criminal Case was entered on June 19, 2003 (# 27).  Section 2255 has a one-year period of limitation which runs from "the latest of – (1) the date on which the judgment of conviction becomes final; . . . ."  Defendant's judgment of conviction became final on or about June 30, 2003, because she did not take a direct appeal.  By letter

2

dated July 1, 2004, Defendant wrote to Judge Goodwin, and raised
the issues of the failure of the United States to file a motion for
reduction of sentence, and the applicability of Blakely v.
Washington.   The letter was treated as a § 2255 motion, and was
filed in the Clerk's office on July 7, 2004.   Assuming that
Defendant gave her letter to prison officials on July 1, 2004 for
mailing, and giving Defendant the benefit of the doubt, the
undersigned will address the issues as though the letter/motion was
timely filed.   The instant Motion was filed on July 28, 2004.

Motion for Reduction of Sentence

The plea agreement signed by Defendant does not contain any
promise by the United States that it will file a motion to reduce
Defendant's sentence (# 24).   Paragraph 5 of the plea agreement
contains Defendant's promise to be forthright and truthful and to
give signed, sworn statements and testimony.   Id., at 4.   Paragraph
9 states that the United States "has made no representations or
promises, and will make no recommendation, as to a specific
sentence."   Id.   The government also reserved the right to, inter
alia, "[a]dvise the Court concerning the nature and extent of Ms.
Skeens' cooperation . . .."   Id., at 4-5.

The Presentence Investigation Report recommended, and the
presiding District Judge awarded, a three level downward adjustment
for acceptance of responsibility.

At sentencing, Assistant U.S. Attorney John J. Frail stated as

3

follows:

> While I'm not prepared to make a motion pursuant to 5K1.1
> on behalf of Ms. Skeens, I would advise the Court that
> Ms. Skeens, since shortly after her indictment, began
> cooperating with the United States.   She has been
> providing information.    We anticipate that her
> cooperation will continue, and we anticipate being back
> before the Court within the one-year date on her behalf
> to make a motion pursuant to Rule 35.
>
> THE COURT: Ms. Skeens, I don't know if you
> understand everything he just said.   That's about the
> best news you could hear.   It means that the sentence
> imposed today may not be final.   If they determine that
> you have substantially assisted them and they make a
> motion, your sentence could be decreased at a later time.

(Tr. Sent. Hrng., # 42, at 6-7.)

In support of its Response, Mr. Frail executed an affidavit

which states:

> 5. * * *  Other than that representation to the Court, I
> did not make a representation or promise of any kind to
> defendant regarding a Rule 35 motion.
>
> 6.   Inasmuch as defendant's cooperation proved not to
> warrant the filing of such a motion, no such motion was
> filed by the government because defendant was unable to
> substantially assist the government in the prosecution of
> others.

(Response, # 43, Ex. B, ¶¶ 5-6, at 2.)

Defendant's Reply contends that Mr. Frail's affidavit "is a

lie.   It totally contradicts the statement made in Petitioner's

Sentencing Transcript."   (Reply, # 44, at 2.)   Defendant asserts

that the statement, "we anticipate being back before the Court,

etc.," is a clear promise to file a motion on her behalf.   Id., at

3.  She notes that "no justifiable reason was ever given for their

4

failure to [file the motion]."   Id.

In Wade v. United States, 504 U.S. 181 (1992), the Supreme Court addressed a prosecutor's refusal to file a motion seeking a reduction of sentence due to a defendant having provided substantial assistance in the investigation or prosecution of another person who committed an offense.  The Court held that there are constitutional limitations to a prosecutor's discretion not to file the motion.  Id., at 185.

> [F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.  Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.
>
> It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive. [Citations omitted.] Indeed, Wade concedes that a defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing."
>
> * * *
>
> As the Government concedes, [citation omitted], Wade would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end, . . . . [A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one.  The Government's decision not to move may have been based not on a failure to acknowledge or appreciate Wade's help, but simply on its rational assessment of the cost and benefit that would flow from moving.

Id., at 185-87.

The strongest argument that can be made in support of Defendant's position is that AUSA Frail "promised" at the sentencing hearing that he would file a Rule 35 motion when he stated, "We anticipate that her cooperation will continue, and we anticipate being back before the Court within the one-year date on her behalf to make a motion pursuant to Rule 35." According to Webster's New Collegiate Dictionary, "anticipate" means "to give advance thought, discussion, or treatment to; to meet (an obligation) before a due date; to foresee and deal with in advance; forestall; to look forward to as certain; expect . . .." It appears that "expect" is the closest definition, given the context of the proceedings. The undersigned cannot conclude that Mr. Frail made a promise and that Defendant reasonably "looked forward to" the filing of the motion "as certain." The entire exchange with Mr. Frail and Judge Goodwin is couched in terms which are tentative: "the sentence imposed today *may not be final*;" "*If* they determine that you have substantially assisted them *and they make a motion,* your sentence *could be* decreased at a later time." Defendant's assertion that Mr. Frail promised to file the motion is simply not proven by the transcript.

Defendant has not made any allegation that Mr. Frail or any other prosecutor had any unconstitutional or other improper motive in refusing to file the Rule 35 motion. Rather, she contends that "no justifiable reason was ever given." This assertion is not

persuasive, given that Mr. Frail's affidavit avers that "defendant was unable to substantially assist the government in the prosecution of others."

The undersigned proposes that the presiding District Judge **FIND** that the United States (AUSA Frail, at the sentencing hearing) did not promise to file a Rule 35 motion for Defendant.  The Fourth Circuit has ruled that "a waiver of prosecutorial discretion by way of plea agreement must be explicit."  United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000).  Thus Defendant's first ground for relief is without merit.

Blakely and Booker

On March 15, 2005, Defendant amended her § 2255 motion, contending that United States v. Booker, 543 U.S. ___ (2005) should be applied retroactively to her case (# 40).  She contends that her sentence was "enhanced 30 points.  Petitioner stated that she had not admitted, nor was the 30 points enhancement found by a jury." (Amendment, # 40, at 1.)  It appears that Defendant's base offense level was increased by 12 due to relevant conduct, not 30.

On January 12, 2005, the Supreme Court decided Booker, which reaffirmed the Court's holding in Apprendi, applied the holding in Blakely to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or

7

proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The <u>Booker</u> holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)). On January 12, 2005, Defendant's case had concluded direct review and was final. Thus <u>Booker</u> does not apply to her, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Six Circuit Courts of Appeals have ruled that <u>Booker</u> does not apply retroactively to cases on collateral review. In <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir. 2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ____ U.S. _____, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical

8

procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

* * * The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before

9

its release on January 12, 2005.  That date, rather than
June 24, 2004, on which *Blakely v. Washington*, ___ U.S.
__, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down,
is the appropriate dividing line.

In <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005),
the Second Circuit held that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies]
retroactively to [a] collateral challenge."  In <u>Varela v. United
States</u>, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit
held "that <u>Booker</u>'s constitutional rule falls squarely under the
category of new rules of criminal procedure that do not apply
retroactively to a § 2255 on collateral review."  In <u>Humphress v.
United States</u>, 398 F.3d 855, 863 (6th Cir. 2005), the Sixth Circuit
ruled that:

> We see no basis for concluding that the judicial
> factfinding addressed in *Booker* is either less accurate
> or creates a greater risk of punishing conduct the law
> does not reach than did the judicial factfinding
> addressed in *Ring*.  The Supreme Court has never held that
> a new rule of criminal procedure falls within *Teague*'s
> second exception.  *Beard [v. Banks]*, 124 S. Ct. [2504],
> 2513-14 [(2004)].  We hold that *Booker*'s rule does not
> either.

In <u>United States v. Price</u>, 400 F.3d 844, 848 (10th Cir. 2005), the
Tenth Circuit held that <u>Blakely</u> was a new rule of criminal
procedure that was not subject to retroactive application on
collateral review.  In <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16
(3d Cir. 2005), the Third Circuit held that "<u>Booker</u> announced a
rule that is 'new' and 'procedural,' but not 'watershed;'" thus it
does not apply retroactively to § 2255 motions filed in cases which
were final as of January 12, 2005.

10

Based on <u>McReynolds</u>, <u>Green</u>, <u>Varela</u>, <u>Humphress</u>, <u>Price</u>, <u>Rucker</u>, and <u>Lloyd</u>, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before <u>Blakely</u> and <u>Booker</u> were decided, and that neither <u>Blakely</u> nor <u>Booker</u> applies retroactively on collateral review.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court deny Movant's Motion filed pursuant to 28 U.S.C. § 2255.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals.  Snyder
v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.
140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United
States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such
objections shall be served on opposing parties, Judge Goodwin, and
this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and
Recommendation and to mail a copy of the same to Movant, Arawana
Skeens, and to counsel of record.


    June 29, 2005                          Mary E. Stanley
        Date                       Mary E. Stanley
                                   United States Magistrate Judge