**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ARAWANA SKEENS,

                Petitioner,

v.                              CIVIL ACTION NO.  2:04-cv-705
                                              (Criminal Action No. 2:03-cr-11)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Docket 36].  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the court deny the petitioner's § 2255 motion [Docket 45].  The petitioner has filed objections to the Magistrate Judge's findings [Docket 47].  For reasons explained herein, the court **ADOPTS** the Magistrate Judge's findings and recommendations, **DENIES** the petitioner's § 2255 motion, and **DISMISSES** the case.

The petitioner, Arawana Skeens, is serving a 57-month prison term for pleading guilty to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Her motion requests relief on two grounds: (1) the United States Attorney promised to file a motion for substantial assistance within one year of her conviction and did not, and (2) *Blakely v. Washington* should be applied retroactively to her sentence.  (Prop. Findings 1–2.)  The court will address each claim in turn.

First, the petitioner's assertion that the Assistant United States Attorney, John Frail, promised her to file a motion for substantial assistance is based on the following statement made by Mr. Frail at the sentencing hearing:

> While I'm not prepared to make a motion pursuant to 5K1.1 on behalf of Ms. Skeens, I would advise the court that Ms. Skeens, since shortly after her indictment, began cooperating with the United States.  She has been providing information.  We anticipate that her cooperation will continue, and we anticipate being back before the court within the one-year date on her behalf to make a motion pursuant to Rule 35.

(Sent. Tr. 6: 14–21.)  Mr. Frail later signed an affidavit explaining that "[o]ther than that representation to the court, I did not make a representation or promise of any kind to defendant regarding a Rule 35 motion."  (Prop. Findings 4.)  At no point has the petitioner alleged any unconstitutional or improper motive for Mr. Frail's failure to file a Rule 35 motion, which is required according to *Wade v. United States*, 504 U.S. 181, 185 (1992).  The court adopts the analysis employed by the Magistrate Judge on this issue and **FINDS** that Mr. Frail did not promise to file a Rule 35 motion on behalf of Ms. Skeens.

Second, the petitioner's claim that *Blakely* should be retroactive lacks merit.  Although the Fourth Circuit has not yet addressed this issue, all circuit courts that have considered whether *Blakely* is retroactive have found that it is not. *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005), *Lloyd v. United States*, 407 F.3d 608, 615–16 (3d Cir. 2005), *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005), *McReynolds v. United States*, 397 F.3d 479, 480–81 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844, 848 (10th Cir. 2005), *Varella v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

Accordingly, the court **ADOPTS** the Magistrate Judge's findings and recommendations, **DENIES** the petitioner's § 2255 motion, and **DISMISSES** the case.

-2-

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        October 4, 2005

JOSEPH  R.  GOODWIN
UNITED STATES DISTRICT JUDGE